OPINION OF THE COURT
Timothy J. Walker, J.
After many months of attempting to resolve the issues underlying this action, and despite several conferences among *258 the parties, their representatives and the court, the parties recently advised the court that further efforts in this regard would be futile.
Plaintiff, the Resource Center (TRC), was formed in September 1958 under the name “Parents and Friends of Retarded Children.” In November 1959, TRC affiliated with New York State Association for Retarded Children, now known as NYSARC, Inc. As such, TRC became known as the Chautauqua County Chapter of NYSARC. TRC commenced this action seeking a declaration that: it is an unincorporated association; its members and directors control the Chapter’s affairs; it has the right to, and has disaffiliated from NYSARC; and it owns the real property, facilities and equipment used to provide programs and services to individuals with developmental and mental disabilities in Chautauqua County.
In response, NYSARC seeks a declaration, inter alia, that if TRC intends to leave NYSARC, then it must abide by NYSARC’s bylaws and chapter manual regarding withdrawal and surrender of its chapter certificate of recognition. In so doing, (NYSARC contends that) TRC must turn over all assets and programs in Chautauqua County, which NYSARC will then continue to use and run for the benefit of those individuals previously served by TRC in Chautauqua County.
The parties have each moved for summary judgment on the foregoing issues — each acknowledging no genuine issues of material fact exist, such as to preclude judgment as a matter of law.
A covenant to associate with a corporation, and in this case a decision made some 49 years ago, cannot be so easily dismissed. TRC, as a local chapter (no matter what structure it might be and/or what efforts it put forth to develop programs and assets it operates for NYSARC), must be kept to the rules to which it agreed to abide. (See Matter of Central N.Y. Bridge Assn. v American Contract Bridge League, Inc., 72 Misc 2d 271 [Sup Ct, Oswego County 1972].) If a chapter decides to sever all ties with NYSARC, NYSARC’s rules require the board of directors of that chapter to surrender the certificate of recognition and deliver it to NYSARC.
Now, upon all the pleadings and proceedings had herein, and upon due deliberation thereon, it is hereby ordered, that TRC’s motion is denied, and NYSARC’s motion is granted; and it is further ordered, that all assets and programs shall be retained, and utilized by NYSARC in Chautauqua County, for the benefit *259 of the children and adults formerly served by TRC, in the event TRC continues in its efforts to disaffiliate; and it is further ordered, that in the event TRC continues in its efforts to disaffiliate, it shall do so in accordance with this decision and order.